## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **ROY J. FIKES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | _____ |
| **SHERIFF BILLY JONES, and THE PERRY** | ) | |
| **COUNTY COMMISSION, and ALBERT** | ) | |
| **TURNER, JR,.** | ) | |
| | ) | **PLAINTIFF DEMANDS A** |
| **Defendants.** | ) | **TRIAL BY STRUCK JURY** |

---

## COMPLAINT

---

## PARTIES

1. Plaintiff, ROY J. FIKES, a Black Male individual, is over the age of 40, and is a citizen of the State of Alabama.

2. Defendants, Sheriff Billy Jones and the Perry County Commission, and Albert Turner Jr., are Citizens, entities and employers that are incorporated under the laws of the State of Alabama. Defendants have their principal places of business in the State of Alabama. Defendants were Plaintiff's employer for all purposes under Title VII and the Laws of the State of Alabama during all times relevant to this complaint.

## JURISDICTION

1. The Court has jurisdiction over the lawsuit because the suit arises under 42 U.S.C. §1981, §1983, and § 1985, for violations of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, and the First and Fourteenth Amendments of

Constitution of the United States of America. Section 11.9.3 of the Perry County

Employee Policies and Procedures, and § 11-43-230 Code of Alabama 1975.

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), §1367(a),

28 U.S.C. §§ 2201 and 2202.

## VENUE

3.    Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) because the alleged

unlawful employment practice and violation of State Law were committed in this state.

Venue is also proper in this district under 42 U.S.C. § 2000e-5(f)(3) because the

employment records and other related records relevant to the alleged unlawful

employment practice and violations of State Law are maintained and administered in this

district.

## FACTS

4.    Roy Fikes was employed as Chief Deputy of the Perry County Sheriff's Department until

on or about November 7, 2023.

5.    Fikes was an employee of good standing performing his duties as Chief Deputy as fully

prescribed by the Sheriff prior to November 7, 2023.

6.    On November 7, 2023 Plaintiff Roy J. Fikes was informed by Sheriff Billy Jones he had

to take unpaid leave from his position as Chief Deputy if when he had previously un for

the office of Probate Judge in Perry County.

7.    Prior to November 7, 2023 Plaintiff informed Defendant Billy Jones he was running for

Probate Judge in Perry County off duty and out of uniform as required.

8.    At the same time Plaintiff informed Defendant Billy Jones he was electing to use his

accumulated annual leave (vacation) time instead of unpaid political leave which was

another valid acceptable option under the Perry County Employee Policies and Procedures under which he was hired and employed.

9. Plaintiff Fikes was not paid for any of the time he was off to lawfully pursue political office in 2023.

10. Plaintiff Fikes was also not allowed to use his accrued leave while seeking reinstatement to his official position as Chief Deputy prior to meeting with Sheriff Jones November 17, 2023.

11. On November 17, 2023 Plaintiff Roy Fikes met with Defendant Billy Jones and informed him that Plaintiff had turned over his letter to Human Resources requesting his reinstatement to his prior position as Chief Deputy of Perry County as directed by Jones.

12. Plaintiff then informed Defendant Jones despite electing to use his annual leave since qualifying for election he had not received authorization to use his annual leave by either Defendant as requested and pursuant to the law and his employment contract with the Perry County Sheriff's Department and the State of Alabama.

13. This denial of Plaintiff's legal right to use paid leave instead of unpaid political leave to run for public office in Perry County was based on discrimination, disparate treatment and retaliation against Fikes for running for Probate Judge based on his race, sex, and the exercise of his First Amendment Right to free speech by running for political office.

14. As of November 17, 2023 Plaintiff's request to use annual leave instead of unpaid political leave had not been approved or denied by Defendants Billy Jones or the Perry County Commission.

15. Plaintiff elected to use his annual leave while running for Probate Judge pursuant to Perry County Employee Policies and Procedures Section 11.9.3.2 which states,

"An employee may elect to be paid any accumulated annual leave upon beginning the leave of absence without pay to campaign for public office."

16. Plaintiff's campaign for Probate Judge ended with his failure to win the party primary for the position in March 5, 2024 before the November general election.

17. Pursuant to Perry County Employee Policies and Procedures Section 11.9.4 Plaintiff should have been returned to the position he held before the leave of absence as Chief Deputy for Perry County when his campaign ended in March 2023.

18. On December 1, 2023 Plaintiff Fikes received what was purported to be a termination letter from Chief Jones that also stated he would not be compensated for the time he was requesting paid leave for in 2023 because his request to use accrued leave was not acted on despite handbook Rule 11.9.3.2 (Political Leave).

19. On December 11, 2023 Plaintiff Fikes received a second purported "termination" letter from Defendant Sheriff Jones stating Plaintiff was deemed separated from his position of Chief Deputy for Perry County by resignation which Plaintiff never submitted.

20. On December 13, 2023 Plaintiff submitted a request for a hearing before the Perry County personnel board to address his employment status, unpaid leave and purported resignation.

21. In a letter to Plaintiff Fikes dated 12/11/2023 Defendant Jones acknowledged Plaintiff had a right to file a written request for an appeal hearing before the personnel board with the personnel officer.

22. On 12/13/2023 Plaintiff Fikes submitted his written request for an appeal hearing before the personnel board as directed by Defendant Jones in his 12/11/2023 letter to Fikes.

23.    Previously other Perry County Sheriff's deputies outside Plaintiff's protected characteristics had been allowed to campaign for public office in Perry County without taking any leave and continuing to report for duty as regularly scheduled Deputy Sheriffs in Perry County.

24.    Plaintiff was denied his due process rights under the Fourteenth Amendment to the U.S. Constitution as amended when Defendants terminated his employment without granting him an appeal hearing before the Perry County personnel board as required by law and acknowledged by Defendant Jones on 12/13/2023 by letter.

25.    Plaintiff Fikes had sufficient annual leave to cover the entire period of running for public office but it was never approved by the Sheriff or the Commission and without response or explanation for the denial

26.    Plaintiff Fikes was exercising his First Amendment free speech rights by running for the public office of Probate Judge in Perry County in 2023.

27.    Plaintiff was never reinstated to his former position as chief Deputy of Perry County or a comparable one in rank and pay within five (5) days after the end of his campaign for Probate Judge as required by Perry County Employee Policies and Procedures Section 11.9.3.1.

28.    Plaintiff was denied his substantive due process rights by the Defendant's when he was removed from his position as Chief Deputy without cause in December of 2023 and never reinstated as provided and required by Perry County Employee Policies and Procedures Section 11.9.3.1.

29.    Plaintiff Fikes was denied procedural due process and equal treatment under the Fourteenth Amendment to the U.S. Constitution when the Defendants failed to schedule a

"Predisciplinary" hearing before the Perry County Commission to address his appeal of his suspension and termination by Sheriff Billy Jones and the Perry County Commission as required pursuant to § 11-43-230 Code of Alabama 1975.

30. Plaintiff has not received any compensation for his accumulated annual and sick paid leave he had accrued as Chief Deputy of Perry County of Perry County since his termination on or about December 17, 2023.

31. Denial of Deputy Roy Fikes right to continue and enforce his contract for employment with the County as Chief Deputy in December 2023 by Sheriff Billy Jones and the Perry County Commission violated his right to enter into and enforce his employment contract's provision to take paid leave while running for public office like white citizens violated his Constitutional rights under 42 U.S.C. Section 1981.

32. Plaintiff Fikes had a property interest in his employment as Chief Deputy of the Perry County Sheriff's Department at the time of his termination.

33. Deputy Fikes was not prohibited from running for Probate Judge in Perry County in 2023 by any law or statute in effect at the time.

34. Running for public office is a constitutional right guaranteed by the First Amendment to the Constitution of the United States of America.

35. Terminating Deputy Roy Fikes for running for Probate Judge in Perry County in December 2023 violated Deputy Fikes Constitutional Right to Equal Treatment under the Fourteenth Amendment to the United States Constitution because other Deputies who were not black and or over forty (40) were allowed to run for political office without taking unpaid leave with no adverse job actions taken against them.

36.   Fikes lost his income from his wages that were due to him based on his election to take paid leave as opposed to unpaid political leave which was forced upon him by Defendants.

37.   Plaintiff Fikes was denied his earned unemployment benefits when Sheriff Billy Jones falsely stated to the unemployment office that Fikes had voluntarily resigned his position as Chief Deputy of Perry County.

38.   Fikes suffered emotional and physical stress as he struggled to provide for himself and his family during the time he was unemployed as a direct result of Defendants unlawful termination of his position as Chief Deputy for Perry County on or about December 17, 2023.

39.   On or after December 10, 2023 Commissioner Albert Turner Defamed Plaintiff Roy Fikes and slandered his name publicly by speaking on a Radio Show aired by WJUS Marion Alabama falsely accusing Fikes of misuse of County vehicles and other improper and or illegal acts.

40.   Turner also falsely accused Plaintiff Fikes of absence without leave, dishonesty, dereliction of duty, insubordination, failure to follow County employee rules and regulations, and failing to follow the directions from the Sheriff related to requesting leave.

41.   Albert Turner Jr. also accused Plaintiff Fikes of stealing time or payroll fraud by being paid a salary but not reporting for duty to earn that salary.

42.   At the time Turner made these and other defamatory statements against Plaintiff Roy Fikes Turner knew the statements were false and made them with malice and the intent to

damage Fikes reputation at work and in the greater Perry County community subjecting him to public ridicule and contempt.

## COUNT I – DISCRIMINATION UNDER § 42 U.S.C. 1983

43.   Plaintiff adopts paragraphs 1-38 in support of this count as if fully incorporated herein.

44.   Plaintiff, Roy Fikes, was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely a Black male over the age of forty (40).

45.   Fikes was employed as Chief Deputy of the Perry County Sheriff's Office and second in command under the Sheriff himself.

46.   Defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

47.   This is a claim against Defendants Sheriff Billy Jones and the Perry County Commission arising under Title VII of the Civil Rights Act of 1964, as amended.

48.   Sheriff Billy Jones was Plaintiff's supervisor and was empowered by his position and the County Commission to take tangible employment actions against Plaintiff.

49.   Sheriff Jones had the authority to hire and fire Deputies including the Plaintiff and the authority to significantly alter plaintiff's benefits which he did by denying him access to his accrued paid annual and sick leave to this date.

50.   Defendant, Perry County is directly liable because it was negligent in investigating Fikes "Notice of Claim" regarding his wrongful termination based on Sheriff Jones and his discriminatory conduct. See Exhibit A "Notice of Claim" attached hereto.[1]

---

[1] Plaintiff Roy Fikes timely filed his notice of claim the County Commission and Sheriff Billy Jones in accordance with and pursuant to § 11-12-8 of the Code of Alabama (1975).

51.    Defendants Jones and Perry County are strictly liable for Sheriff Jones's discriminatory conduct because Jones took a tangible employment action against plaintiff that significantly changed plaintiff's employment status by firing him.

52.    Jones fired Plaintiff Fikes without legal cause, and Jones and the County Commission failed to allow or assist Fikes in his clearly established legal right to appeal his termination to the County commission.

53.    Defendant the Perry County Commission is vicariously liable for Sheriff Billy Jones's discriminatory conduct because the Commission did not exercise reasonable care to prevent and promptly correct the discriminatory conduct, even though Plaintiff took advantage of defendant's measures designed to prevent and correct discriminatory conduct.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of a judgment against Defendants Sheriff Billy Jones Albert Turner Jr. and the Perry County Commission pursuant to an order awarding:

a.  Compensatory damages to be determined by the trier of fact;

b.  Nominal damages to be determined by the trier of fact;

c.  Punitive damages to be determined by the trier of fact;

d.  Declaratory and injunctive relief;

e.  That relief which is fair, just and equitable under the circumstances of the case;

f.  Reasonable attorneys fees; and

g.  The costs of this suit.

±

## COUNT II – VIOLATION OF FREE SPEECH UNDER THE FIRST AMENDMENT TO THE U.S. CONSTITUTION

54.    Plaintiff adopts paragraphs 1-38 in support of this count as if fully incorporated herein.

55.    On December 17, 2023 Sheriff Billy Jones and the Perry County Commission wrongfully terminated Plaintiff Roy Fikes from his position of Chief Deputy of the Perry County Sheriff's Department.

56.    Defendants terminated Plaintiff because he qualified for and ran for the Office of Probate Judge of Perry County in the primary election before November 2023.

57.    Sheriff Billy Jones was at that time the Sheriff of Perry County and was acting in the course and scope of his office or employment.

58.    As a citizen of the United States of America Plaintiff Roy Fikes had a First Amendment Free Speech right to participate in the pursuit of a public office without interference in that right by the Defendant's Sheriff Jones and the Perry County Commission.

59.    Billy Jones was the Sheriff for the Perry County, Alabama Sheriff's Department when he deprived plaintiff of his rights under the First Amendment to the U.S. Constitution in violation of 42 U.S.C. §1983.

60.    Sheriff Jones was acting under color of the laws and regulations of the State of Alabama and the Perry County Commission when he refused to allow Plaintiff to use his annual leave while running for Probate Judge pursuant to Perry County Employee Policies and Procedures Section 11.9.3.2.

61.    Section 11.9.3.2. of the Perry County personnel handbook in use at the time states, "An employee may elect to be paid any accumulated annual leave upon beginning the leave of absence without pay to campaign for public office.".

62.    Sheriff Jones ignored this written policy and procedure of Perry County and terminated Deputy Fikes on or about December 17, 2023 which resulted in the violation of plaintiff's right of free speech under the First Amendment of the Constitution of the United States and *42 U.S.C. §1983.*

63.    Plaintiff's pursuit of the office of Probate Judge involved a matter of political, social, or other concern which are constitutionally protected under the First Amendment.

64.    Furthermore, plaintiff's interest in his actions outweighs any interest of Sheriff Jones and the Perry County Commission in promoting the efficient operation and administration of government services because Plaintiff's run for political office had no effect on the normal functions of the Perry County Sheriff's Office or the County Commission during the time Fikes was running for election[2].

65.    Plaintiff's Free Speech in running for public office was a substantial and motivating factor in Defendant Billy Jones decision to terminate Plaintiff and Jones and the Commission with Albert Turner, Jr. agreed among themselves to deny Fikes rights to an appeal of his termination before the Commission as required by state law.

66.    Defendant Billy Jones and Albert Turner, Jr. and possibly others acted together intentionally and collectively to chill Plaintiff Fikes free speech, discredit him by damaging his reputation, and punishing him for exercising his free-speech rights to run for Probate Judge of Perry County in 2023.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of a judgment against Defendants Sheriff Billy Jones Albert Turner Jr. and the Perry County Commission pursuant to an order awarding:

---

[2] Plaintiff Fikes lost the primary election for the Probate Judge seat on March 5, 2024.

    a.  Compensatory damages to be determined by the trier of fact;

    b.  Nominal damages to be determined by the trier of fact;

    c.  Punitive damages to be determined by the trier of fact;

    d.  Declaratory and injunctive relief;

    e.  That relief which is fair, just and equitable under the circumstances of the case;

    f.  Reasonable attorneys fees; and

    g.  The costs of this suit.


## COUNT IV – VIOLATION 42 U.S.C. § 1981 RIGHT TO CONTRACT

67.    Plaintiff adopts paragraphs 1-38 in support of this count as if fully incorporated herein.

68.    Sheriff Billy Jones and the Perry County Commission violated Roy Fikes right to enter into and enforce employment contract provisions like white citizens to take paid leave while running for public office.

69.    Sheriff Billy Jones and the Perry County Commission violated Fikes Constitutional rights under 42 U.S.C. Section 1981.by denying Deputy Fikes right to continue his employment with Perry County and the Sheriff's office as Chief Deputy by unlawfully refusing to allow Deputy Fikes to enforce his employment contract with the Sheriff's Department and the State of Alabama in December of 2023.

70.    Sheriff Billy Jones and the Perry County Commission including but not limited to Commissioner Albert Turner, Jr., violated Roy Fikes right to enter into and enforce his employment contract provisions with the Sheriff's Department and Perry County like white citizens by denying him the right to take paid leave while running for public office.

71.    Defendants also violated Plaintiff Fikes rights by refusing to put him back into his prior

position as Chief Deputy and or a comparable position as they were legally required to do under Perry County Employee Policies and Procedures Section 11.9.3.1. once he was no longer a candidate for public office in Perry County.

72. Defendants further violated Plaintiff Roy Fikes rights to contract by refusing to pay him for accrued annual and sick leave retirement and other benefits after his unlawful termination.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of a judgment against Defendants Sheriff Billy Jones Albert Turner Jr. and the Perry County Commission pursuant to an order awarding:

a. Compensatory damages to be determined by the trier of fact;

b. Nominal damages to be determined by the trier of fact;

c. Punitive damages to be determined by the trier of fact;

d. Declaratory and injunctive relief;

e. That relief which is fair, just and equitable under the circumstances of the case;

f. Reasonable attorneys fees; and

g. The costs of this suit.

## COUNT V – VIOLATION THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTIONS RIGHT TO EQUAL TREATMENT UNDER THE LAW

73. Plaintiff adopts paragraphs 1-38 in support of this count as if fully incorporated herein.

74. Billy Jones was the Sheriff for the Perry County, Alabama Sheriff's Department when he deprived plaintiff of his right to Equal Treatment under the Fourteenth Amendment to

the U.S. Constitution in violation of *42 U.S.C. §1983*.

75.   Sheriff Billy Jones was acting under color of the laws and regulations of the State of Alabama and the Perry County Commission by discouraging and interfering with Plaintiff Fikes in exercising his right to run for public office in Perry County.

76.   Defendants Billy Jones and the Perry County Commission took the adverse actions of terminating Plaintiff Fikes for running for political office which is a guaranteed free speech right of all citizens under the First Amendment of the U.S. Constitution.

77.   By terminating Plaintiff for running for office the Defendants denied Plaintiff his right to Equal Treatment under the law and in violation of the County's personnel policies and procedures regarding running for public officer which it affords to other employees outside Fikes race, age, and sex.

78.   Plaintiff's constitutionally protected right to free speech under the First Amendment was abridged by Defendants and deprived him of his Fourteenth Amendment right to equal treatment under the law was violated when Defendants terminated him for running for public office in Perry County in 2023.

79.   Plaintiff's constitutionally protected right under the Fourteenth Amendment to equal treatment under the law was violated when Defendants failed to respond to his request for a pre-disciplinary hearing before the personnel board of Perry County to contest his termination as allowed under § 11-43-230 Code of Alabama 1975.

80.   Plaintiff's protected rights to equal treatment under the Fourteenth Amendment to collect unemployment benefits after his termination was violated by Sheriff Billy Jones when he supplied false information to the state employment office that Fikes had resigned which was the direct and proximate cause of the state unemployment office's decision to

deny Fikes application for unemployment benefits he was entitled to at the time.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of a judgment against Defendants Sheriff Billy Jones Albert Turner Jr. and the Perry County Commission pursuant to an order awarding:

a.  Compensatory damages to be determined by the trier of fact;

b.  Nominal damages to be determined by the trier of fact;

c.  Punitive damages to be determined by the trier of fact;

d.  Declaratory and injunctive relief;

e.  That relief which is fair, just and equitable under the circumstances of the case;

f.  Reasonable attorneys fees; and

g.  The costs of this suit.

## COUNT VI 42 U.S.C.A. § 1985 CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS; RUNNING FOR PUBLIC OFFICE

81.  Plaintiff adopts paragraphs 1-38 and 64-66 in support of this count as if fully incorporated herein.

82.  Billy Jones was the Sheriff for the Perry County, Alabama Sheriff's Department when he conspired with Perry County Commissioner District 1, Albert Turner Jr., and possibly others to deprive plaintiff of his rights under 42 U.S.C.A. § 1985.

83.   Roy Fikes was lawfully running for the position of Probate Judge of Perry when he properly requested paid leave from his position of Chief Deputy for Perry County.

84.   Sheriff Jones Commissioner Turner and possibly others attempted to dissuade Deputy

Fikes from pursuing election to the position of Probate Judge of Perry County by taking the adverse employment action against him of denying his request to take paid leave which was his right, and then terminating his position as Chief Deputy of Perry County in December of 2023.

85.    The exercise of these policies and actions jointly by Commissioner Turner Sheriff Jones and possibly others resulted in the violation of plaintiff's right of free speech.

86.    Defendants acted intentionally and jointly to chill plaintiff's speech, discredit him by damaging his reputation, and punish him for exercising his free-speech rights of running for public office while on paid leave as a Sheriff's Deputy.

87.    The denial of Plaintiff's right to a pre-disciplinary hearing before the Perry County Commission by Sheriff Jones, Albert Turner and possibly others was the common plan or scheme by these Defendants to deny Plaintiff his rights under the First and Fourteenth Amendments to U. S. Constitution, Perry County Employee Policies and Procedures Section11.9.3.1. and  11.9.3.2., § 11-43-230 Code of Alabama 1975. and other relevant laws of the State of Alabama.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of a judgment against Defendants Sheriff Billy Jones and the Perry County Commission pursuant to an order awarding:

a.    Compensatory damages to be determined by the trier of fact;

b.    Nominal damages to be determined by the trier of fact;

c.    Punitive damages to be determined by the trier of fact;

d.    Declaratory and injunctive relief;

e.    That relief which is fair, just and equitable under the circumstances of the case;

f.  Reasonable attorneys fees; and

g.  The costs of this suit.


**COUNT VII STATE LAW CLAIM;  VIOLATION OF RIGHT TO PRE-
DISCIPLINARY HEARING UNDER § 11-43-230 CODE OF ALABAMA 1975.**


88.  Plaintiff adopts paragraphs 1-38 in support of this count as if fully incorporated herein.

89.   Plaintiff Fikes was denied his right under Alabama law when the Defendants failed to
schedule a "Predisciplinary" hearing before the Perry County Commission to address his
appeal of his suspension and termination by Sheriff Billy Jones and the Perry County
Commission pursuant to § 11-43-230 Code of  Alabama 1975.

90.  Defendants failed to provide the pre-disciplinary hearing despite being properly served
with Fikes hearing request as prescribed by the rules and regulations of Perry County and
the State of Alabama.

91.  Plaintiff also filed a notice of claim with the Perry County Clerk setting out his complaint
of disparate treatment, retaliation and discrimination by Defendants at all times relative to
this complaint.

92.  Plaintiff has also not received any compensation for his accumulated annual and sick paid
leave he had accrued as Chief Deputy of Perry County of Perry County since his
termination on or about December 17, 2023 despite his request for this earned
compensation to the County.

93.   As a direct and proximate result of defendant's conduct, plaintiff suffered the following

injuries and damages:

    a.    Lost earnings.

    b.    Loss of earning capacity.

    c.    Damage to reputation in the past and future.

    d.    Mental anguish in the past and future.

    e.    Loss of pension or retirement benefits.

94.    Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).


    WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of a judgment against Defendants Sheriff Billy Jones Albert Turner Jr. and the Perry County Commission pursuant to an order awarding:

    a.  Compensatory damages to be determined by the trier of fact;

    b.  Nominal damages to be determined by the trier of fact;

    c.  Punitive damages to be determined by the trier of fact;

    d.  Declaratory and injunctive relief;

    e.  That relief which is fair, just and equitable under the circumstances of the case;

    f.  Reasonable attorneys fees; and

    g.  The costs of this suit.

                Respectfully submitted,


                **/s/TYRONE TOWNSEND**
                TYRONE TOWNSEND (TOW006)
                Attorney for Plaintiff


OF COUNSEL:

**TOWNSEND LAW FIRM**
P.O. Box 2105
Birmingham, Alabama 35201
204 Main Street Suite 109
Trussville, Alabama 35173
T: (205)795-3050
F: (800)410-8132
ty@townsend-lawfirm.com

<u>/s/DANNY CRENSHAW</u>
DANNY CRENSHAW
Attorney for Plaintiff

OF COUNSEL:

**Danny W. Crenshaw**
**CRENSHAW LAW FIRM**
1425 J.L.Chestnut,Jr. Blvd.
Selma Alabama 36703
Phone: (334)877-1378
Fax: (334)875-7434
Web**: www.callcrenshaw.com**